UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBBIE JAMISON                              CIVIL ACTION

VERSUS                                      NO: 12-2301

J. ROBERT ATES                              SECTION: R

**ORDER AND REASONS**

Before the Court is the motion to dismiss of defendant J. Robert Ates. Because the Court lacks subject matter jurisdiction over plaintiff's claim, the Court GRANTS defendant's motion.

**I.   BACKGROUND**

This dispute arises out of plaintiff Debbie Jamison's ownership of a Lexus that required repairs due to the presence of oil gel in its engine. In 2006, a settlement agreement was reached in the class action lawsuit, *Meckstroth v. Toyota Motor Sales, U.S.A., Inc*. The settlement class in that case included individuals who suffered damage due to oil gel in their Toyota or Lexus vehicles.[1] The 24th Judicial District Court for the Parish of Jefferson oversaw the settlement and issued a notice, informing consumers that they would be bound by the agreement unless they opted out.[2] Plaintiff does not allege that she opted

---

[1]   R. Doc. 6-3.

[2]   R. Doc. 6-4.

out of the settlement class. The settlement agreement named defendant J. Robert Ates as Third Party Evaluator to review disputed claims submitted to Toyota.[3]

In December 2006, plaintiff had her vehicle towed to a local Lexus dealership, which confirmed that the engine contained oil gel.[4] After submitting a letter requesting relief directly to defendant, plaintiff submitted a claim to Lexus in July 2007.[5] She requested repairs of the oil gel and rental car reimbursement.[6] On December 6, 2007, plaintiff received a letter from Lexus, denying her request for $1,622.20 in rental fees.[7] Plaintiff and defendant exchanged several letters and, upon defendant's request, plaintiff provided supplemental information on the reimbursement sought, which totaled $6,064.79.[8] She then received a letter from defendant dated December 5, 2008, which stated that defendant, acting as Third Party Evaluator, had reversed in part Toyota's decision to deny plaintiff reimbursement for rental car charges.[9] Defendant ordered Lexus to

---

[3]   R. Doc. 6-3 at 11.

[4]   R. Doc. 8 at 2.

[5]   R. Doc. 1-1 at 1.

[6]   *Id.* at 1.

[7]   R. Doc. 8-1 at 11.

[8]   R. Doc. 1-1 at 4; 6-5 at 1; 10-1 at 1.

[9]   R. Doc. 1-1 at 3.

pay defendant $1,622.17 in rental fees incurred while Lexus determined whether it would pay to repair her vehicle in 2006.[10] Defendant, however, determined that plaintiff was not entitled to rental fees incurred in 2008, when plaintiff's vehicle remained at the Lexus dealership.[11] Plaintiff asserts that she received the letter from defendant before Toyota notified her in writing of its decision on her claim, as required under the *Meckstroth* settlement agreement. Plaintiff requested review of defendant's decision by the 24th Judicial Court for the Parish of Jefferson.[12] After reviewing defendant's determination, the court held that plaintiff did not identify a ground on which the court could overturn defendant's decision pursuant to the *Meckstroth* settlement agreement.

On September 17, 2012, plaintiff filed suit in this Court, alleging that defendant made a final decision on her damages based on a claim that plaintiff had not submitted to him.[13] She requests that her case be reopened so that she may seek the remainder of the amount she incurred in damages, $4,442.62.[14]

---

[10] R. Doc. 1-1 at 3. The letter issued by defendant inconsistently lists the reimbursement amounts as $1,622.17 and $1,622.20.

[11] *Id.* at 5.

[12] R. Doc. 6-9.

[13] R. Doc. 1.

[14] R. Doc. 8 at 4.

3

Defendant filed a motion to dismiss on the grounds that the Court lacks subject matter jurisdiction over plaintiff's claim and that plaintiff has failed to state a claim on which relief can be granted.[15]

**II. STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977).

---

[15] R. Doc. 6.

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949.

**III. DISCUSSION**

In her complaint, plaintiff states that the Court has jurisdiction under the Federal Arbitration Act (FAA), 9 U.S.C. § 1. It is true that the *Meckstroth* settlement agreement refers to the FAA in discussing class members' ability to challenge the decisions of the Third Party Evaluator. The settlement agreement states that the rulings of the Third Party Evaluator are fully

5

binding on Toyota and claimants.[16] It also establishes that the settlement class and Toyota waived judicial review of the decisions, except that "a claimant may seek review of such decision before the Court on those grounds specifically provided for by the Federal Arbitration Act, 9 U.S.C. § 1."[17] This language detailing claimants' right of review also appeared in the letter that defendant sent to plaintiff, which explained his decision regarding her claims.[18]

It is clear from the text of the settlement agreement that the reference to the FAA was meant to describe the grounds on which claimants could appeal the Third Party Evaluator's decisions before the court that oversaw the settlement, the 24th Judicial District Court in Jefferson Parish. Plaintiff does not seek review of a decision made through arbitration, the province of the FAA. Rather, she challenges a decision made through a process established by a settlement agreement in state court. Under the settlement agreement, class members waived their right to appeal the decisions of the Third Party Evaluator, except in narrow circumstances such as fraud or misconduct by the Evaluator. Thus, the settlement agreement was structured to mirror the review process of the FAA, but there is no mention of

---

[16] R. Doc. 6-3 at 15.

[17] *Id.*

[18] R. Doc. 1-1 at 5-6.

federal review within the agreement. In fact, plaintiff's own request for review, submitted to the state court, demonstrates that the settlement agreement provided for judicial recourse to the state court presiding over the case against Toyota.

Moreover, even if the FAA were applicable here, "it is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). Rather, the FAA "authorizes a United States district court to entertain a petition to compel arbitration if the court would have jurisdiction . . . over a suit arising out of the controversy between the parties." *Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009). Plaintiff's claim concerns the reimbursement of the cost of repairs and rental car fees. The Court finds that such a claim does not come within its federal question jurisdiction, since the case does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, for diversity jurisdiction to exist, the parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Although plaintiff and defendant are citizens of different states, plaintiff's claim is for $4,442.62, well below the required amount in controversy. Thus, the Court finds that it does not have subject matter jurisdiction over plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of jurisdiction.

New Orleans, Louisiana, this **3rd** day of January, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE