UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBBIE JAMISON                          CIVIL ACTION

VERSUS                                  NO: 12-2301

J. ROBERT ATES                          SECTION: R

**ORDER**

Before the Court is plaintiff's motion for reconsideration of the Court's Order dismissing her claim.[1] Because plaintiff's motion for reconsideration was filed within 28 days of the Court's Order dated January 3, 2013, the Court treats it as a Rule 59(e) motion for reconsideration. *See* Fed R. Civ. Pro. 59(e); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1993).

A district court has considerable discretion to grant or to deny a motion for reconsideration. *Id.* In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. Reconsideration of an earlier order "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.,* No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd,* 182 F.3d 353 (5th Cir. 1999). Thus, to succeed on a motion for reconsideration, a party must "clearly establish either a

---

[1]     R. Doc. 14.

manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005) (internal citation omitted). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

The Court has reviewed plaintiff's motion for reconsideration and the supplemental memorandum that she sought to file in response to defendant's motion to dismiss.[2] In granting defendant's motion, the Court found that it lacked jurisdiction over plaintiff's claims.[3] Plaintiff contends that defendant's submissions contained incorrect statements, but the facts at issue have no bearing on the Court's subject matter jurisdiction, which plaintiff does not address.  The Court therefore finds that plaintiff's motion does not demonstrate a manifest error of law or fact or present newly discovered evidence. Accordingly, the Court DENIES plaintiff's motion for reconsideration.


New Orleans, Louisiana, this 4th day of March, 2013.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


_____

[2]    R. Doc. 14-1.

[3]    R. Doc. 12.