```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

DEBBIE JAMISON                                          CIVIL ACTION

VERSUS                                                  NO: 12-2301

J. ROBERT ATES                                          SECTION: R

## ORDER AND REASONS

Before the Court is petitioner Debbie Jamison's motion to proceed *in forma pauperis* on appeal.[1] Federal Rule of Appellate Procedure 24(a) governs such motions and provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Rule 24(a)(3) provides an exception to the requirements of Rule 24(a)(1):

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons

---

[1]   R. Doc. 21.

>    for the certification or finding; or
>
>    (B) a statute provides otherwise.

Plaintiff was permitted to proceed *in forma pauperis* in her action before this Court.[2] Nevertheless, because the Court finds that plaintiff's appeal is not in good faith, the Court denies plaintiff's motion.

In her complaint, plaintiff asserted that the Court had jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 1, and she sought to challenge a decision made through a process established by a state court settlement agreement. The Court held that the settlement agreement clearly provided for judicial recourse to the presiding state court, not a federal court, and that, in any event, the FAA is not an independent grant of federal jurisdiction.[3] The Court thus dismissed plaintiff's claims for lack of subject matter jurisdiction.[4]

Plaintiff then filed a motion to reconsider in which she did not address the issue of subject matter jurisdiction.[5] The Court accordingly denied the motion to reconsider.[6] Plaintiff filed a

---

[2]   R. Doc. 3.

[3]   *Id.*

[4]   R. Doc. 12.

[5]   R. Doc. 14.

[6]   R. Doc. 19.

notice of appeal and this motion to proceed *in forma pauperis*, neither of which identifies the issues she wishes to raise on appeal.[7] Because the Court has held that it lacks subject matter jurisdiction over plaintiff's claims and plaintiff has failed to address the Court's jurisdiction in either her opposition to defendant's motion to dismiss or her motion to reconsider, the Court finds that plaintiff's appeal is frivolous. *See, e.g., Hamilton v. Attorney General State of Louisiana*, No. 07-3600, 2008 WL 2651430, at *1 (E.D. La. July 7, 2008).

For the foregoing reasons, the Court certifies that plaintiff's appeal is not in good faith and DENIES her motion to proceed *in forma pauperis*. Under Federal Rule of Appellate Procedure 24(a)(5), plaintiff may challenge the Court's certification by filing a motion to proceed *in forma pauperis* on appeal in the U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.

New Orleans, Louisiana, this 23rd day of April, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]   R. Docs. 20,21.